IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

TERESA MILLER,

      **Plaintiff,**

v.                                                                 Civil Action No. 1:23-CV-16
                                                                        (JUDGE KLEEH)

UNITED STATES,

      **Defendant.**

## REPORT AND RECOMMENDATION AFTER INITIAL SCREENING RECOMMENDING PLAINTIFF'S COMPLAINT [ECF NO. 1] BE DISMISSED AND RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] BE DENIED AS MOOT

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 4] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on February 8, 2023. By the Referral Order, Judge Kleeh directed the undersigned to schedule the matter as needed, to enter written orders or reports and recommendations, and to dispose of other matters which may arise.

On February 3, 2023, *pro se* Plaintiff Teresa Miller ("Plaintiff") filed a Complaint against the United States. [ECF No. 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. Further, the undersigned **RECOMMENDS** that Plaintiff's corresponding Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED as moot**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint against Defendant, alleging that she was subjected to an unjust conviction and wrongful imprisonment as a result of a criminal proceeding brought against her in this District, that proceeding bearing Criminal Action No. 1:19-CR-41. Plaintiff includes with her Complaint certain materials reflecting that the United States Court of Appeals for the Fourth Circuit vacated her conviction and sentence in that matter, and that the criminal matter ultimately was dismissed. [ECF No. 1-2].

As the basis of jurisdiction in this Court, Plaintiff points to the federal government being the named defendant. [ECF No. 1-1]. Plaintiff claims monetary damages in the amount of $276,715.75 [ECF Nos. 1-1, 1-4]. As the basis for her cause of action, Plaintiff invokes the provisions 28 U.S.C. § 1495, 28 U.S.C. § 2513, and 28 U.S.C. § 3585.

## II. LEGAL STANDARDS FOR SCREENING CLAIMS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, a court is obliged to screen the case to determine if a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts commonly conduct such screening before service of process, and before ruling upon a motion for leave to proceed *in forma pauperis*. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016)(Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016)(Johnston, J.). The purpose this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits

Case 1:23-cv-00016-TSK-MJA   Document 8   Filed 02/15/23   Page 3 of 5   PageID #: 66

under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. *See also* Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995)(initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

### III. ANALYSIS

The Complaint here contains no cognizable legal claims over which this Court has jurisdiction. For lack of jurisdiction, then, the Court should dismiss Plaintiff's Complaint without prejudice.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct *pro se* plaintiffs' legal arguments for them, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

In this matter, Plaintiff alleges that the Court has jurisdiction based on the status of the federal government being the named defendant. However, importantly, Plaintiff bases her cause of action on 28 U.S.C. § 1495. This statute, in its entirety, simply and straightforwardly provides that: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States."

Id. (emphasis added). This Court, of course, is not the Court of Federal Claims. Thus, Plaintiff seeks to bring her action in the wrong court.

Plaintiff also invokes 28 U.S.C. § 2513. This statute is a corollary to 28 U.S.C. § 1495, setting forth necessary allegations and types of proof which a claimant must posit in order to maintain a claim under 28 U.S.C. § 1495.[1] There is nothing about 28 U.S.C. § 2513 which aids Plaintiff in establishing that this Court has jurisdiction of the claim she seeks to litigate. Finally, Plaintiff relies on 28 U.S.C. § 3585. However, this statute merely pertains to the manner in which a term of imprisonment is calculated, and likewise contains nothing which aids Plaintiff in establishing that this Court has jurisdiction.

The undersigned has carefully parsed through Plaintiff's lengthy, if rather disjointed, Complaint and related materials to ascertain whether she may seek to lodge a claim in addition to that for unjust conviction/wrongful imprisonment. Plaintiff appears to lodge no additional cause of action.

Accordingly, Plaintiff fails to establish any cognizable claim over which this Court has jurisdiction.

## IV. RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1] be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, as a related matter, the undersigned **RECOMMENDS** that

---

[1] The undersigned has undertaken no review and makes no determination or recommendation about whether Plaintiff has made a prima facie case for unjust conviction/wrongful imprisonment or otherwise made the requisite showing required by these statutes.

Plaintiff's corresponding Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED as moot.**

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: February 15, 2023.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE